1
2
3
4

Paul A. Kampmeier, WSBA #31560
KAMPMEIER & KNUTSEN PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
Telephone: (206) 858-6983
Email: paul@kampmeierknutsen.com

5

*Attorneys for Plaintiff Olympic Forest Coalition*

6

7
8
9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15
16
17

OLYMPIC FOREST COALITION, a
Washington non-profit corporation,

      Plaintiff,

      v.

DULCICH, INCORPORATED, d/b/a
PACIFIC SEAFOOD GROUP, a foreign
corporation,

      Defendant.

Case No.

COMPLAINT

18

## I.    INTRODUCTION.

19
20
21
22
23
24
25
26

1.     This action is a citizen suit brought under Section 505 of the Clean Water Act, 33

U.S.C. § 1365. Plaintiff Olympic Forest Coalition (hereinafter "OFCO") alleges Defendant Dul-

cich, Incorporated (hereinafter "Dulcich" or "Defendant") is a co-owner and co-operator of a

shellfish hatchery that is located at or near 1601 Linger Longer Road, Quilcene, Washington

98376 ("the Facility"), and that Dulcich is violating Section 301(a) of the Clean Water Act, 33

U.S.C. § 1311(a), each and every day by discharging pollutants to waters of the United States

without authorization of a National Pollutant Discharge Elimination System ("NPDES") permit.

27
28

2.      The operators of the Facility grow algae and rear shellfish larvae in large tanks of water at the Facility. During those processes, the operators, the algae, and the shellfish larvae all add materials and pollutants to the water. The Facility then discharges that water, those additional materials, and other pollutants to Quilcene Bay and a small stream at the Facility via pipes, ditches, channels, and other conveyances. All discharges of pollutants from the Facility violate the Clean Water Act ("CWA" or "Act") because they are not authorized by a NPDES permit. OFCO sued one owner or operator of the Facility in 2016 and that lawsuit is ongoing. OFCO is now suing Defendant Dulcich in this lawsuit because evidence demonstrates that Dulcich is an owner and operator of the Facility that is wholly or partially responsible for CWA compliance at the Facility. OFCO seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of costs, including attorneys' and expert witness fees, for Defendant's repeated and ongoing violations of the Clean Water Act.

## II.      JURISDICTION AND VENUE.

3.      This Court has jurisdiction pursuant to 33 U.S.C. § 1365 (CWA citizen suit provision) and 28 U.S.C. § 1331 (federal question). Defendant is in ongoing violation of an "effluent standard or limitation" as defined by Section 505 of the Act, 33 U.S.C. § 1365. The requested relief is proper under 28 U.S.C. §§ 2201 and 2202 and 33 U.S.C. § 1365.

4.      OFCO has satisfied the jurisdictional requirements for bringing this suit. Under Section 505(b)(1)(A) of the Act, 33 U.S.C. § 1365(b)(1)(A), by certified letter dated and postmarked May 25, 2022, OFCO notified Defendant and its registered agents and authorized representatives of Defendant's alleged violations of the Act and of OFCO's intent to sue for those violations ("Notice Letter"). OFCO also notified the Administrator of the EPA, the Administrator of EPA Region 10, and the Director of the Washington Department of Ecology of its intent to sue Defendant by mailing a copy of the Notice Letter to those officials on May 25, 2022. A copy of

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

the Notice Letter is attached to this complaint as <u>Exhibit 1</u> and the allegations therein are hereby incorporated by reference.

5.      More than sixty days have passed since OFCO mailed the Notice Letter and the violations complained of are continuing or reasonably likely to continue to occur. Neither the EPA nor the Washington Department of Ecology ("Ecology") has commenced any action constituting diligent prosecution to redress these violations. Defendant is in ongoing violation of an effluent standard or limitation and the Clean Water Act.

6.      Venue is appropriate in this District under Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1), because the source of the violations complained of is located in this District, in Jefferson County, Washington.

7.      A copy of this Complaint will be served on the Attorney General of the United States, the Administrator of the EPA, and the Administrator of EPA Region 10, as required by 33 U.S.C. § 1365(c)(3) and 40 C.F.R. § 135.4.

### III.      PARTIES.

8.      Plaintiff Olympic Forest Coalition is a membership organization suing on behalf of itself and its members. OFCO is a non-profit corporation organized and existing under the laws of the State of Washington. OFCO maintains its principal place of business in Jefferson County, Washington. The mission of OFCO is to protect and conserve the environment and natural resources of the Olympic Peninsula and the Pacific Northwest. Since 2002, the staff, volunteers, and members of OFCO have advocated for cleaner water and air and for the preservation of public lands and wildlife habitat on and around the Olympic Peninsula.

9.      OFCO and its members have a particular interest in, and derive aesthetic, recreational, and other benefits from, Quilcene Bay, Puget Sound, and the other rivers, creeks, bays, and canals of the Olympic Peninsula, including the aquatic and terrestrial species that use and

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

rely on those waters. OFCO's members use Quilcene Bay, Puget Sound, and other waters and adjacent lands downstream from the Facility's discharges for recreational and other activities, including boating, scientific expeditions, photographing birds and animals, nature watching, hiking, fishing, and aesthetic, spiritual, and recreational enjoyment. One or more OFCO members also use a marina that is just south of and adjacent to the Facility. OFCO members routinely use the area of Quilcene Bay near the Facility for boating, water quality monitoring, bird and wildlife watching, and other activities, all of which are impaired by the alleged discharges and the polluted state of Quilcene Bay. Additionally, many other members of OFCO use Quilcene Bay or Puget Sound near or downstream from the Facility and are also adversely impacted by the alleged discharges of pollutants. OFCO and its members intend to continue all of these activities into the future.

10.    OFCO has standing to bring this lawsuit. OFCO and its members are "citizens" as defined by Section 505(g) of the Act, 33 U.S.C. § 1365(g). OFCO has at least one member who is injured by the Facility's discharges of pollutants and Defendant's violations of the CWA. Recreational, economic, aesthetic, conservation, health, and/or other interests of OFCO and its members have been, are being, and will be adversely affected by Defendant's violations of the Clean Water Act and the unauthorized discharges of pollutants to Quilcene Bay, the small stream at the Facility, and Puget Sound. Plaintiff's and its members' interests in Quilcene Bay, the small stream at the Facility, Puget Sound, and the Olympic Peninsula are diminished by their polluted state and by Defendant's illegal discharges of pollutants and other violations of the CWA. The relief sought in this lawsuit can redress the injuries to OFCO's interests.

11.    Defendant Dulcich, Incorporated is a corporation organized and existing under the laws of the State of Oregon. Dulcich is authorized to conduct business in Washington State. Dulcich conducts business in Washington State. Dulcich conducts business in Washington State as

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

Pacific Seafood Group. Pacific Seafood Group is a trade name or assumed business name for Dulcich. Dulcich owns the Facility. Dulcich operates the Facility. Dulcich is one of the operators of the Facility. Dulcich owns a company called Pacific Shellfish – Quilcene, LLC. Dulcich operates a company called Pacific Shellfish – Quilcene, LLC. Dulcich controls a company called Pacific Shellfish – Quilcene, LLC. Pacific Shellfish – Quilcene, LLC is a wholly-owned subsidiary of Dulcich, Incorporated. Pacific Shellfish – Quilcene, LLC is an operator of the Facility. Pacific Shellfish – Quilcene, LLC is an owner of the Facility.

## IV.    LEGAL BACKGROUND.

12.    Congress enacted the Clean Water Act to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

13.    As relevant here, Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits "the discharge of any pollutant by any person" unless such discharge is authorized by an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. §1342.

14.    The Act defines the term "discharge of a pollutant" to mean, in part, "any addition of any pollutant to navigable waters from any point source…." 33 U.S.C. § 1362(12).

15.    As relevant here, the Act defines the term "point source" to mean, in part, "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged. * * *." 33 U.S.C. § 1362(14).

16.    As relevant here, the Act defines the term "pollutant" to mean, in part, "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock,

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water. * * *." 33 U.S.C. § 1362(6).

17.     Neither the Act nor its implementing regulations define the term "addition"; however, one court found that "addition" means the introduction of a pollutant into navigable waters from any place outside the particular water body. Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481, 491 (2nd Cir. 2001).

18.     The Act's prohibition on discharging pollutants from point sources applies broadly. The Act defines the term "navigable waters" to mean "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7). And the Act defines the term "person" to mean "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5).

19.     The Act does not exempt shellfish hatcheries from the NPDES permit requirement. Point-source discharges of pollutants from shellfish hatcheries are illegal unless authorized by an NPDES permit. 33 U.S.C. § 1311(a).

20.     Section 402(a) of the Act authorizes EPA to issue NPDES permits authorizing discharges of pollutants. 33 U.S.C. §1342(a). EPA may delegate administration of the NPDES permit program to states with regulatory programs meeting applicable criteria. 33 U.S.C. § 1342(b); 40 C.F.R. Part 123. The State of Washington has a federally approved NPDES program administered by Ecology; accordingly, Ecology may issue NPDES permits authorizing discharges of pollutants in the state of Washington.

21.     Compliance with the terms and conditions of an NPDES permit is deemed compliance with the general discharge prohibition in Section 301(a). 33 U.S.C. § 1342(k). Discharging pollutants without the required NPDES permit, or in violation of a NPDES permit, is grounds for a citizen enforcement action. 33 U.S.C. §§ 1365(a)(1), (f).

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

## V.    FACTS.

A.    <u>The Facility Discharges Pollutants to Waters of the United States Every Day Without Authorization of an NPDES Permit.</u>

22.    The Facility is on land and adjacent to Quilcene Bay, which is part of Hood Canal and Puget Sound. There is a small stream at the Facility that empties into Quilcene Bay. The primary business at the Facility is growing and selling shellfish larvae.

23.    To grow the food it feeds to larvae at its Facility, the operators of the Facility add heat, nutrients, carbon dioxide and oxygen to a solution containing phytoplankton. The operators of the Facility then add the phytoplankton solution to waters at the Facility to nourish growing shellfish larvae. The phytoplankton's natural processes add oxygen to waters at the Facility.

24.    The operators of the Facility add other materials to the water used to grow shellfish larvae in the Facility. On information and belief, to control pH the operators of the Facility add sodium carbonate or other materials to the water used to grow shellfish larvae at the Facility. On information and belief, to control microorganisms the operators of the Facility add antibiotics or other materials to the water used to grow shellfish larvae at the Facility. On information and belief, to facilitate shellfish reproduction the operators of the Facility add heat to the water used to grow shellfish larvae at the facility. To sterilize or otherwise clean tanks, equipment, or water used to grow phytoplankton, the operators of the Facility add sodium hypochlorite and/or other chlorine-based chemicals to tanks or waters at the Facility.

25.    The operators of the Facility add the water used to grow shellfish larvae at the Facility, as well as the materials the operators of the Facility and the shellfish add to tanks or those waters, to Quilcene Bay, the small stream at the Facility, and/or Puget Sound. Quilcene Bay, the small stream at the Facility, Hood Canal, and Puget Sound are "navigable waters" or "waters of the United States" as defined by the CWA and its implementing regulations.

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

26.     The operators of the Facility use numerous pipes, ditches, channels, and other dis-cernible, confined and discrete conveyances to discharge pollutants from its Facility to the beach that is at or adjacent to the facility and that drains to Quilcene Bay, to the stream at the Facility, and to Quilcene Bay and Puget Sound. The point sources at the Facility include but are not lim-ited to Outfalls 1 through 5 that are described in Dulcich's June 2021 NPDES permit application to Ecology; pipes that discharge onto the beach and into Quilcene Bay; the man-made and eroded channels on the beach that is at or adjacent to the Facility and that discharge into Quilcene Bay; pipes or channels that discharge into the unnamed stream at the Facility and then to Quilcene Bay; and the Facility's intake pipes, which discharge back into Quilcene Bay when the facility back-flushes those pipes or related filters. The Notice Letter identifies some of the lo-cations of these point sources. See Exhibit 1.

27.     Effluent discharged from the point sources at the facility contains pollutants in-cluding but not limited to chlorine, total suspended solids, nitrogen, phosphorous, ammonia, ni-trites, nitrates, nutrients, Chlorophyll a, Phaeophytin a, heat, pH, salinity, dissolved oxygen, bio-logical wastes, metals, food wastes, chemicals used for shellfish larvae rearing or tank cleaning or other purposes, concentrated total suspended solids, antibiotics and drugs and any residue of those materials, and other pollutants including those described in Dulcich's June 2021 NPDES permit application to Ecology. These and the other materials in the Facility's effluent constitute chemical wastes, biological materials, heat, industrial waste, and other "pollutants" as defined by the CWA.

28.     OFCO members use the marina that is just south of Defendant's facility to access Quilcene Bay by boat. At least one OFCO member regularly boats on Quilcene Bay, Dabob Bay, Hood Canal, and other parts of Puget Sound. OFCO members can see the Facility and discharges of effluent from the Facility from Quilcene Bay and from the properties immediately south of the

COMPLAINT - 8

Facility. OFCO members have watched the Facility discharge effluent from the Facility to Quilcene Bay from pipes, ditches, and channels.

29.     For many years OFCO members have regularly monitored water quality in Quilcene Bay and Hood Canal. OFCO members have taken water quality samples where the Facility discharges to Quilcene Bay. Water quality samples taken by OFCO members in June and July 2014 indicate the Facility discharges chlorine to Quilcene Bay and Puget Sound.

30.     After watching the Facility discharge to Quilcene Bay, and after becoming convinced that effluent from the Facility is polluted, OFCO members worked for several years to resolve alleged pollution problems at the Facility. OFCO members met with, or attempted to meet with, the owners or operators of the Facility to discuss ways to reduce pollution from the Facility. OFCO members also sought help from Ecology.

31.     Because of OFCO's advocacy, the owners or operators of the Facility previously hired a consultant—Rensel Associates Aquatic Sciences—to assess the effluent discharged from the Facility. After sampling effluent from the facility, Rensel Associates Aquatic Sciences produced a report dated February 7, 2013 and entitled "Quilcene Bay Shellfish Hatchery Discharge Study" (hereinafter "Rensel Report"). The Rensel Report confirms that the Facility uses pipes, ditches, and channels to discharge effluent to Quilcene Bay. The Rensel Report documents point-source discharges of pollutants from the facility to Quilcene Bay.

32.     The Rensel Report confirms that effluent from the Facility contains pollutants, including but not limited to total suspended solids, nitrogen, phosphorous, ammonia, nitrites, nitrates, Chlorophyll *a*, Phaeophytin *a*, heat, pH, salinity, and dissolved oxygen. For a variety of materials, the Rensel Report compared the chemical content of the water drawn into the Facility to the chemical content of the effluent leaving the facility. For dissolved inorganic nitrogen, total suspended solids, Chlorophyll a, and Phaeophytin a, the Rensel Report found that the chemical

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

1  loading in individual samples of effluent from the Facility was usually higher than the chemical

2  loading in the water drawn into the Facility. For Total Nitrogen, Total Phosphorous, Soluble Re-

3  active Phosphorous, Ammonia Nitrogen, and Nitrate + Nitrite Nitrogen, the Rensel Report found

4  that the chemical loading in the effluent was *always* higher than the chemical loading in the wa-

5  ter drawn into the Facility. For example, as documented at pages 22-23 of the Rensel Report, ef-

6  fluent from the Facility contained 68%, 439%, 178%, 178%, 669%, and 549% of the ammonia

7  nitrogen found in the water drawn into the Facility. Depending on water pH and temperature,

8  ammonia nitrogen can be highly toxic to fish and other aquatic species.

9      33.    In preparing the Rensel Report, Rensel Associates Aquatic Sciences did not sam-

10  ple all sources of effluent from the Facility. In preparing the Rensel Report, Rensel Associates

11  Aquatic Sciences did not sample for all pollutants that might be in effluent from the Facility. In

12  preparing the Rensel Report, Rensel Associates Aquatic Sciences did not test the Facility's efflu-

13  ent for chlorine.

14      34.    Based on the Rensel Report and other evidence, OFCO sued Coast Seafoods

15  Company in 2016 for discharging pollutants from the Facility without authorization of an

16  NPDES permit. The U.S. District Court denied Coast Seafoods Company's motion to dismiss in

17  June 2016 and then certified that ruling for interlocutory review. The U.S. Court of Appeals for

18  the Ninth Circuit affirmed the District Court's ruling in March 2018. Notwithstanding those rul-

19  ings, Dulcich and the other operators of the Facility have intentionally violated the CWA each

20  and every day by discharging pollutants from the Facility without authorization of an NPDES

21  permit.

22      35.    In November 2018, Coast Seafoods Company submitted NPDES permit applica-

23  tion materials to Ecology that acknowledged the company discharged pollutants to Quilcene Bay

24  from at least twenty-four outfalls, including pipes, ditches, channels.

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

36.     In June 2021, Dulcich submitted an NPDES permit application to Ecology on be-half of Pacific Shellfish – Quilcene, LLC that acknowledged the Facility discharges pollutants to Quilcene Bay from at least five outfalls, including pipes, ditches, channels.

B.     Defendant Dulcich Controls NPDES Permitting and Clean Water Act Compliance at the Facility but Has Not Obtained an NPDES Permit for the Facility.

37.     The Facility discharges pollutants to Quilcene Bay and the small stream at the Fa-cility every day, but neither Dulcich nor any other owner or operator of the Facility has obtained an NPDES permit authorizing discharges of pollutants from the Facility.

38.     Dulcich is an operator of the Facility. Coast Seafoods Company's November 29, 2018, NPDES permit application lists Pacific Seafood Group in Clackamas, Oregon as an opera-tor of the Facility. Similarly, Pacific Seafood Group's June 2021 NPDES permit application lists Pacific Seafood Group in Clackamas, Oregon as an operator of the Facility.

39.     Dulcich is wholly or partially responsible for NPDES permitting for the Facility. On September 9, 2021, Laura Niewolny, an employee of Ecology, emailed Miranda Reis, an em-ployee of Dulcich, seeking clarification regarding who the responsible officials would be for NPDES permitting of the Facility. In a September 17, 2021 email back to Laura Niewolny, Mi-randa Reis listed Jon Steinman as the "Responsible Party" and listed his address as 16797 SE 130th Avenue, Clackamas, Oregon 97015. In that same September 17, 2021 email to Laura Nie-wolny, Miranda Reis listed the "Legally Responsible Party" as Tony Dal Ponte at Pacific Sea-food Group and listed his address as 16797 SE 130th Avenue, Clackamas, Oregon 97015. In that same September 17, 2021 email to Laura Niewolny, Miranda Reis listed Amy Wentworth as the "Delegated Signer" and listed her address as 16797 SE 130th Avenue, Clackamas, Oregon 97015. In that same September 17, 2021 email to Laura Niewolny, Miranda Reis listed Miranda Reis as the "Regulatory Official" and listed her address as 16797 SE 130th Avenue, Clackamas,

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

Oregon 97015. The address of Dulcich, Incorporated's principal place of business in Oregon is 16797 SE 130th Avenue, Clackamas, Oregon 97015.

40.     On September 17, 2021, Miranda Reis, Jon Steinman, Tony Dal Ponte, and Amy Wentworth were all employees of Dulcich. On September 17, 2021, Miranda Reis, Jon Steinman, Tony Dal Ponte, and Amy Wentworth all utilized email addresses with an email server and domain of "@pacseafood.com". "@pacseafood.com" is the email server and domain used by Pacific Seafood Group. "@pacseafood.com" is the email server and domain used by Dulcich.

41.     Dulcilch is wholly or partially responsible for NPDES permit and CWA compliance at the Facility. On September 20, 2021, Laura Niewolny of Ecology emailed Amy Wentworth of Dulcich and asked her to "work towards submitting a delegation letter and your ESAF to become a delegated signer for Pacific Shellfish – Quilcene, LLC similar to what you and Tony (as legal responsible party) did with both the Boxley and Shelton fish hatcheries." The term "ESAF" refers to an "Electronic Signature Agreement Form" (hereinafter "ESAF"), which is an instrument a responsible corporate official can use to delegate certain NPDES permit compliance responsibilities to another person. Also on September 20, 2021, Amy Wentworth emailed back to Laura Niewolny and stated: "Hi Laurie, yes I can absolutely do that for our Quilcene facility. I already have the ESAF form, so I'll get it signed and mailed in. Thanks[.]" Ms. Wentworth's September 20, 2021, email to Laura Niewolny includes a signature block that identifies Ms. Wentworth as the Director of Environmental, Health, & Safety for Pacific Seafood Group in Clackamas, Oregon.

42.     By letter dated September 30, 2021, Anthony Dal Ponte wrote to Morgan Dorner at Ecology, requesting that Ecology designate Amy Wentworth as an "authorized representative" with "signing and administrative privileges" for the Facility. Mr. Dal Ponte wrote the September

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

30, 2021 letter to Morgan Dorner in his "capacity as Vice President, General Counsel, and Assistant Corporate Secretary of Dulcich, Inc. dba Pacific Seafood Group, on behalf of its wholly-owned subsidiary Pacific Shellfish –Quilcene, LLC." Mr. Dal Ponte's September 30, 2021, letter to Morgan Dorner states: "Amy Wentworth, Director of EHS, is responsible for managing all environmental compliance functions across our family of companies and is the person best suited to gather, evaluate, and submit compliance information in connection with each site."

43.    On or around September 30, 2021, Anthony Dal Ponte signed an ESAF that was submitted to Ecology for the Facility. Mr. Dal Ponte signed the ESAF as the "permittee" and "Responsible Official" for NPDES permitting for the Facility. In doing so, Mr. Dal Ponte acknowledged that, at the time of signing the ESAF, Amy Wentworth worked for or at "Pacific Seafood" and that she was at that time "authorized to submit documents on the site's/facility's behalf." For Ms. Wentworth's contact information, the ESAF listed a Clackamas, Oregon address, an Oregon phone number, and an email using the "@pacseafood.com" email server and domain. With checkmarks in certain boxes on the form, the ESAF identified Ms. Wentworth as the "Facility Signer" and the "Facility Coordinator" for the Facility. By signing the ESAF as the permittee and responsible official, Mr. Dal Ponte acknowledged that Dulcich is an operator of the Facility.

44.    As of the date of filing of this complaint, Ecology has not issued an NPDES permit authorizing the discharges of pollutants from the Facility that are the subject of this lawsuit. Discharges of pollutants from the Facility are ongoing, illegal, and in violation of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and an effluent standard or limitation under the Act, because they are occurring without authorization of an NPDES permit.

45.    Defendant's unpermitted discharges of pollutants degrade the environment and the water quality of Quilcene Bay, the small stream at the Facility, and Puget Sound. Defendant's

unpermitted discharges of pollutants foul the water in and around the marina that is near the Facility. Defendant's unpermitted discharges of pollutants also foul the beach adjacent to Defendant's Facility and other nearby property.

46.     Defendant's unpermitted discharges of pollutants were avoidable had Defendant been diligent in overseeing and controlling operations, maintenance, monitoring, and compliance with the law.

47.     Defendant has benefited economically from its unpermitted discharges of pollutants.

48.     Any and all additional violations of the Clean Water Act by Defendant that occur or are discovered after those described in the Notice Letter but before a final decision in this action are continuing violations subject to this complaint.

49.     Without the imposition of appropriate civil penalties and/or the issuance of an injunction and other relief, Defendant is likely to continue to violate the Clean Water Act to the further injury of Plaintiff, its members, and others.

## VI.    CAUSE OF ACTION.

50.     Plaintiff hereby alleges and incorporates by reference all of the preceding paragraphs.

51.     Defendant Dulcich, Incorporated is a "person" within the meaning of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and is subject to suit under the Act's citizen suit provision, 33 U.S.C. § 1365.

52.     Defendant Dulcich, Incorporated has violated and is violating Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and an "effluent standard or limitation" as that term is defined by Section 505 of the Act, 33 U.S.C. § 1365, by adding pollutants from point sources at

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

the Facility to Quilcene Bay, the small stream at the Facility, and/or Puget Sound without authorization of an NPDES permit. These violations have occurred each and every day since July 7, 2017, and are ongoing. These violations are described in the Notice Letter, which is hereby incorporated by reference as if fully set forth herein. See Exhibit 1.

## VII.    RELIEF REQUESTED.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.     Declare that Defendant has violated and continues to be in violation of the Clean Water Act, as alleged herein;

B.     Issue injunctive relief requiring Defendant to comply with the CWA, obtain an NPDES permit authorizing discharges of pollutants from Defendant's Quilcene Facility, or to cease making such discharges;

C.     Issue injunctive relief requiring Defendant to remediate the environmental damage and ongoing impacts resulting from its illegal discharges of pollutants to Quilcene Bay, the small stream at the Facility, and Puget Sound;

D.     Order Defendant to develop and comply with appropriate quality assurance procedures to ensure future compliance with the Clean Water Act;

E.     Order Defendant to provide Plaintiff with copies of all reports and other documents that Defendant submits to EPA or the Washington Department of Ecology regarding discharges of pollutants from the Facility, at the time the reports or documents are submitted to those authorities, for two years after completion of this case;

F.     Assess civil penalties against Defendant, as authorized by Section 309(d) of the Act, 33 U.S.C. § 1319(d);

G.     Award Plaintiff its litigation expenses, including costs and reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the Act, 33 U.S.C. § 1365(d); and

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

H.      Award such other relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 6th day of September 2022.

KAMPMEIER & KNUTSEN, PLLC

By: s/ Paul A. Kampmeier
Paul A. Kampmeier, WSBA #31560
811 First Avenue, Suite 468
Seattle, Washington 98104
Tel: (206) 858-6983
paul@kampmeierknutsen.com

*Attorneys for Plaintiff Olympic Forest Coalition*

COMPLAINT - 16

Exhibit 1

# KAMPMEIER & KNUTSEN PLLC

## ATTORNEYS AT LAW

PAUL A. KAMPMEIER
Licensed in Washington
206.858.6983
paul@kampmeierknutsen.com

May 25, 2022

*Via Certified Mail - Return Receipt Requested*

| | | |
|---|---|---|
| Managing Agent | Managing Agent | Managing Agent |
| Pacific Seafood Group | Pacific Seafood Group | Dulcich, Incorporated |
| 16797 SE 130th Avenue | 1601 Linger Longer Road | 16797 SE 130th Avenue |
| Clackamas, Oregon 97015 | Quilcene, Washington 98376 | Clackamas, Oregon 97015 |

Managing Agent
Dulcich, Incorporated
12628 SE Jennifer Street
Clackamas, Oregon 97015

**Re:     Notice of Intent to File Suit under the Clean Water Act.**

Dear Managing Agents:

This letter provides Dulcich, Incorporated and Pacific Seafood Group (hereinafter collectively referred to as "Pacific Seafood") with sixty days' notice of the Olympic Forest Coalition's intent to file a citizen lawsuit against them under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, for the Clean Water Act violations alleged in this notice letter. The Olympic Forest Coalition (hereinafter "OFCO") is a non-profit organization dedicated to protecting the natural environment of the Olympic Peninsula in Washington State. Kampmeier & Knutsen, PLLC represents OFCO in this matter and any response to this notice of intent to sue should be directed to us at the address below. This notice letter supplements but does not supersede the notice letter OFCO sent to Coast Seafoods Company in October 2015.

## I.     VIOLATIONS OF THE CLEAN WATER ACT.

Congress enacted the Clean Water Act in 1948 to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). In doing so, Congress declared a national goal of eliminating discharges of pollutants to navigable waters by 1985. To make that happen, Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), prohibits discharges of pollutants unless they are authorized by and in compliance with a National Pollutant Discharge Elimination System permit (hereinafter "NPDES permit") issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342. The Clean Water Act defines "discharge of a pollutant" to mean, in part, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

Pacific Seafood has violated and is violating Section 301(a) of the Clean Water Act, 33 U.S.C. §§ 1311(a), at the facility located at or near 1601 Linger Longer Road, Quilcene, Washington 98376 (hereinafter the "facility"), by discharging pollutants from point sources to Quilcene Bay, to a stream at the facility that is tributary to Quilcene Bay, and to Puget Sound without authorization of an NPDES permit. Pacific Seafood is in ongoing violation of an effluent standard or limitation under the Clean Water Act. *See* 33 U.S.C. § 1365(a), (f). These violations have occurred each and every day the facility operated since May 25, 2017. These violations are ongoing. And Pacific Seafood is among those responsible for violations of the Clean Water Act at the facility because Dulcich, Incorporated and/or Pacific Seafood Group are owners or operators of the facility.

Pacific Seafood uses numerous pipes, ditches, channels and other discernible, confined and discrete conveyances to discharge pollutants from its facility to the beach that is at or adjacent to the facility and that drains to Quilcene Bay, to the stream at the facility, and to Quilcene Bay and Puget Sound. The point sources at the facility include but are not limited to Outfalls 1 through 5 that are described in Pacific Seafood's June 2021 NPDES permit application to the Washington State Department of Ecology; pipes that discharge onto the beach and into Quilcene Bay; the man-made and eroded channels on the beach that is at or adjacent to the facility and that discharge into Quilcene Bay; pipes or channels that discharge into the unnamed stream at the facility and then to Quilcene Bay; and the facility's intake pipes, which discharge back into Quilcene Bay when the facility back-flushes those pipes or related filters. Additionally, effluent discharged from the point sources at the facility contains pollutants including but not limited to chlorine, total suspended solids, nitrogen, phosphorous, ammonia, nitrites, nitrates, nutrients, Chlorophyll *a*, Phaeophytin *a*, heat, pH, salinity, dissolved oxygen, biological wastes, metals, food wastes, chemicals used for shellfish larvae rearing or tank cleaning or other purposes, concentrated total suspended solids, antibiotics and drugs and any residue of those materials, and other pollutants including those described in Pacific Seafood's June 2021 NPDES permit application to the Washington State Department of Ecology.

Discharges of pollutants from the facility are ongoing, illegal, and in violation of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and an effluent standard or limitation under the Clean Water Act, because they are occurring without authorization of an NPDES permit. Pacific Seafood has violated Section 301(a) of the Clean Water Act each and every day since May 25, 2017. These violations are ongoing.

## II.    PARTY GIVING NOTICE.

The full name, address, and telephone number of the party giving notice is:

Olympic Forest Coalition
P.O. Box 461
Quilcene, Washington 98376
(360) 774-3384

## III.    ATTORNEYS REPRESENTING OFCO.

The attorneys representing OFCO in this matter are:

Paul Kampmeier                          Brian A. Knutsen
Kampmeier & Knutsen PLLC                Kampmeier & Knutsen, PLLC
811 First Avenue, Suite 468             1300 S.E. Stark Street, Suite 202
Seattle, Washington 98104               Portland, Oregon 97214
(206) 858-6983                          (503) 841-6515

paul@kampmeierknutsen.com                brian@kampmeierknutsen.com

## IV.    CONCLUSION.

The violations described and alleged in this notice of intent to sue are ongoing and violate the Clean Water Act. At the conclusion of the 60-day notice period, OFCO intends to file a lawsuit against Pacific Seafoods under the citizen suit provisions of the Clean Water Act, 33 U.S.C. § 1365. Each of the above-described violations subjects the violator to a penalty of up to $59,973 per day. 40 C.F.R. § 19.4. In addition to civil penalties, OFCO will seek declaratory and injunctive relief to prevent further violations and such other relief as is permitted by law, including recovery of OFCO's litigation expenses, costs, attorneys' fees, and expert witness fees. *See* 33 U.S.C. §§ 1365(a) and (d).

The above-described violations reflect the information currently available to OFCO. OFCO intends to sue for all violations, including those yet to be uncovered, those committed after the date of this Notice of Intent to Sue, and those occurring at any other properties that are owned or operated by Pacific Seafoods and contiguous or adjacent to the facility.

During the 60-day notice period, OFCO will be willing to discuss settlement and effective remedies for the violations described and alleged in this letter. If you wish to pursue settlement discussions in the absence of litigation, we suggest that you initiate discussions within 10 days of receiving this notice so the parties can meet and discuss effective remedies for the violations alleged herein before costs of suit become prohibitive. OFCO does not intend to delay the filing of a complaint if discussions are ongoing when the notice period ends.

Very truly yours,

Kampmeier & Knutsen, PLLC

By: _____
      Paul A. Kampmeier

*Attorneys for Olympic Forest Coalition*

cc:    Administrator, U.S. Environmental Protection Agency
        Regional Administrator, U.S. Environmental Protection Agency, Region 10
        Director, Washington State Department of Ecology
        Robert J. Preston, Registered Agent for Dulcich, Incorporated
        Unisearch, Incorporated, Registered Agent for Dulcich, Incorporated
        Paul Minter, Authorized Representative for Pacific Seafood Group